UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA J. BORUFF, o/b/o
DILLON JAY BORUFF,

    Plaintiff,                                 CIVIL ACTION NO. 08-14585

    v.                                          DISTRICT JUDGE NANCY G. EDMUNDS
                                               MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record supporting the Commissioner's determination denying childhood disability benefits.

\*   \*   \*

Claimant is a minor male child who is now nine years old. His mother, Brenda Boruff, filed an application for Social Security Supplemental Security Income (SSI) childhood disability benefits on his behalf on December 16, 2005, alleging incapacity due to attention deficit hyperactivity disorder (ADHD). Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested <u>de novo</u> hearing was held on December 13, 2007, before Administrative Law Judge Roy Rouhlac. Claimant and his mother appeared and testified. In a decision dated January 23, 2008, Judge Rouhlac determined that the claimant was not entitled to childhood SSI benefits because his mental deficiencies were not severe enough to meet or medically equal any of those found in the Listing of Impairments. The Appeals Council declined to review that decision, and Plaintiff

commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of childhood SSI benefits was supported by substantial evidence on the record.

Claimant's mother testified that her son's hyperactivity did not seem to improve even though he was taking several medications for the condition (TR 280, 286). Ms. Boruff added that her son had been suspended from school due to his often aggressive and violent behavior. He once allegedly choked and stabbed another student (TR 280). Ms. Boruff stated that her son did not listen to her, and that he took a long time to complete tasks (TR 282). Claimant's mother was encouraged by a therapist to attend parent effectiveness training, but she never attended such training due to time concerns (TR 286). Ms. Boruff acknowledged that she did not always give her son his prescribed medications (TR 289). Upon the advice of a nurse, she tried an organic treatment for ADHD. She testified that it had not been effective (TR 289).

Dillon Boruff testified that he had once been suspended from his old school for hitting another boy, but he asserted that he had no recent fights at his new school (TR 293). Claimant enjoyed playing video games, had a good friend at school, and got along well with his teachers (TR 291, 298-299).

ELIGIBILITY FOR SSI CHILDHOOD DISABILITY BENEFITS

A child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382(a)(3)(C)(i). To determine whether a child's impairments result in marked and severe limitations, SSA regulations prescribe a three step sequential evaluation process:

> 1.  A child will be found "not disabled" if he engages in substantial gainful activity.
>
> 2.  A child will be found "not disabled" if he does not have a severe impairment or combination of impairments.
>
> 3.  A child will be found "disabled" if he has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2006).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

> 1.  Acquiring and using information;
>
> 2.  Attending and completing tasks;
>
> 3.  Interacting and relating with others;
>
> 4.  Moving about and manipulating objects;
>
> 5.  Caring for yourself; and
>
> 6.  Heath and physical-being.
>
> 20 C.F.R. 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[1] the impairment functionally equals the listing and the child will be found disabled. 20 C.F.R. 416.926a(d).

---

[1] A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

3

LAW JUDGE'S DECISION

After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that he was indeed impaired as a result of attention deficit hyperactivity and learning and oppositional defiant disorders, but these conditions were not severe enough to meet or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairments did not "functionally equal" the Listing because the medical problems stemming from the disorders had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development capacities.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action.  Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether he employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Plaintiff asserts that the Law Judge incorrectly found that Dillon did not meet or medically equal a listed impairment. The ALJ's finding that Dillon had less than marked limitations in four of the six areas of functioning was challenged. I am satisfied that substantial evidence exists on the record[2] supporting the Law Judge's decision denying childhood disability benefits.

Section 112.11 of the Listing of Impairments describes disabling conditions caused by ADHD, and requires a showing of documented findings of marked inattention, marked impulsiveness, and marked hyperactivity. It also mandates two of the following: marked impairment of age-appropriate cognitive/communicative function; marked impairment in age-appropriate social functioning; marked impairment in age-appropriate personal functioning; and marked difficulties in maintaining concentration, persistence, or

---

[2] In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 258-269) was not considered by the undersigned.

pace. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 112.02(B)(2), 112.11. The ALJ properly found that Dillon's ADHD did not meet Listing 112.11 because he did not have any marked functional limitations (TR. 18).

The medical evidence also demonstrated that claimant's attention deficit and learning/defiant disorders did not "functionally equal" the Listing because the medical problems stemming from the disorders had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development abilities.

A claimant is found disabled if he has one extreme limitation or two marked limitations in any of the six domains discussed above. Although Plaintiff had some problems with learning mathematics and reading, he could recite the alphabet and identify colors, numbers, shapes and letters (TR 197). A second grade report card, reflecting the 2007-2008 academic year, indicated that Dillon was slightly below grade level in his ability to communicate ideas. He participated in classroom discussions, assumed responsibility for his own actions and welcomed challenges. He reportedly had a positive attitude whenever asked to do any writing or when learning about physical science (TR 84-85). The child testified that he had learned to play several video games (TR 298), which reflects an ability to learn and retain information for future use. Thus, the ALJ properly found that Dillon had a "less than marked" limitation in acquiring and using information (domain #1).

With regard to attending and completing tasks, the second domain, the ALJ noted that Dillon was better able to focus on his class and homework when he remained compliant with his medications (TR 27). Plaintiff's mother testified that she was sometimes hesitant to give Dillon his medications, and she instead tried organic treatments that were not effective (TR 289). Nevertheless, whenever Dillon took his medications, as directed, he did better in school (TR 223).

The ALJ also found a less-than-marked limitation in Plaintiff's ability to interact and relate with others (domain #3). In support of this conclusion, the ALJ relied on a psychological evaluation in March 2006, reflecting that Dillon's behavior during testing was not problematic. He remained friendly, responsive, outgoing and cooperative. Dillon reportedly presented an appropriate affect throughout the testing session, and was in a generally positive mood (TR 28, 196-197). Dillon testified that had friends, and that he did not have problems interacting with other children or teachers at his new school (TR 291, 299).

The ALJ found no limitation in Plaintiff's ability to move about and manipulate objects (domain #4). The finding was based on the fact that there was no testimony or other evidence of record indicating that Dillon has limitations in locomotion or handling (TR 29).

With respect to the claimant's ability to care for himself (domain #5), Dr. Terrance Mills, an examining psychologist[3], indicated that Dillon was responsive, outgoing and cooperative (TR 196). A progress report from school stated that Dillon participated in classroom discussions, communicated ideas, followed directions and welcomed challenges (TR 84-85).

Finally, regarding Plaintiff's overall health and physical well being (domain #6), the ALJ correctly noted that Dillon was in good health physically and mentally, as long as he took his medications as directed (TR 30). Substantial evidence supports the ALJ's findings regarding the above six domains, and Plaintiff points to no evidence to significantly

---

[3] Contrary to Plaintiff's assertion, the ALJ was not required to rely on Dr. Mills' GAF score of 50 (indicating serious impairment in social or school functioning). When taking his medications as directed, Dillon's academic and social school performance improved, and he was better able to focus and complete tasks (TR 143, 190).

**7**

challenge these findings. Since Dillon did not have one "extreme" or two "marked" limitations, his impairments did not functionally equal a listing.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                                                                          _____  
                                                                                                                          s/Donald A. Scheer  
                                                                                                                          DONALD A. SCHEER  
                                                                                                                          UNITED STATES MAGISTRATE JUDGE

DATED: May 28, 2009

**8**

## CERTIFICATE OF SERVICE

I hereby certify on May 28, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 28, 2009: **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217