UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA J. BORUFF, o/b/o
DILLON JAY BORUFF,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 08-14585

DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE DONALD A. SCHEER

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The Court should approve the Clerk's taxation of costs.

\* \* \*

Plaintiff is a minor male child who is now nine years old. His mother, Brenda Boruff, filed an application for Social Security Supplemental Security Income (SSI) childhood disability benefits on his behalf on December 16, 2005, alleging incapacity due to attention deficit hyperactivity disorder (ADHD). Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested <u>de novo</u> hearing was held on December 13, 2007, before Administrative Law Judge Roy Rouhlac. Plaintiff and his mother appeared and testified. In a decision dated January 23, 2008, Judge Rouhlac determined that the Plaintiff was not entitled to childhood SSI benefits because his mental deficiencies were not severe enough to meet or medically equal any of those found in the Listing of Impairments. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits. The district judge granted Plaintiff's Application to Proceed in Forma Pauperis, but denied his request for

service of process by the U.S. Marshal. Plaintiff's counsel was directed to arrange service of the Complaint.

In an Opinion and Order, dated August 17, 2009, this court remanded the matter to the Commissioner for further administrative action. The order stated in pertinent part:

> In the present case, the factual issues have not been resolved and the record does not establish that Plaintiff is entitled to benefits. And although the ALJ did not provide substantial evidence to support his conclusions that Plaintiff has less than marked impairment in the 'acquiring and using information' domain or that a GAF score of 50 is inconsistent with the record taken as a whole, there is not compelling evidence that Plaintiff is entitled to benefits. Therefore, for the above mentioned reasons, pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is REVERSED and REMANDED so that the Commissioner further considers whether there is substantial evidence in the record as a whole to support the findings that (1) Plaintiff has less than marked impairment in the 'acquiring and using information' domain, and that (2) a GAF score of 50 is inconsistent with the record taken as a whole.

Order of Remand at p. 19 (Docket #18).

On August 21, 2009, the Clerk of the Court taxed costs against the Defendant in the amount of $16.64, to reimburse Plaintiff for the postage, certified fees and return receipt expenses attendant with the service of the summons and complaint (Docket #21). The government filed an Objection to the Clerk's taxation of costs on August 26, 2009.

Defendant asserts that the district court lacks subject matter jurisdiction to reimburse Plaintiff for expenses relating to service of process by mail. He argues that the government has only waived it's sovereign immunity to pay for costs as enumerated in 28 U.S.C. § 1920. The matter was referred to the undersigned on September 10, 2009, for a Report and Recommendation on the Defendant's Objection to the Clerk's taxation of costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[C]osts against the United States, its officers, and its agencies my be imposed only to the extent allowed by law." The relevant statute allowing the imposition of costs against the government is 28 U.S.C. § 2412(a)(1), which provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1).

Sovereign immunity limits federal courts' jurisdiction in cases against the government. That doctrine dictates that the sovereign cannot be sued except when it consents to being sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity must be unequivocally expressed. United States v. Mitchell, 445 U.S. 535, 538 (1980). A prevailing party must identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds. Reetz v. United States, 224 F.3d 794, 795 (6th Cir. 2000).

Defendant argues that Plaintiff is not entitled to taxation of costs because 28 U.S.C. § 1920 does not explicitly allow for the taxation of costs for fees associated with service of process by mail. Not all categories of costs may be taxed. 28 U.S.C. § 1920 enumerates the kinds of costs that may be taxed in any court of the United States.

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
>
> 28 U.S.C. § 1920.

The Commissioner maintains that the absence of a statutory provision explicitly allowing taxation of costs for service of process by mail against the United States prevents them from being imposed on the government. Postage costs are generally not compensable under § 1920. See El-Fadl, v. Central Bank of Jordan, 163 F.R.D. 389, 390 (D.D.C. 1995). Insofar as 28 U.S.C. § 2412(a)(1), and by reference § 1920 of that Title, represent a waiver of sovereign immunity, Defendant asserts that they must be strictly construed. United States v. Sherwood, 312 U.S. at 586.

In recent years, courts have construed § 1920 to permit the recovery of fees paid to private process servers, up to the amount that could be taxed for service of the same process by the Marshal. The interpretation is reasonable, and relieves the Marshal's Service of significant burden and expense. It also serves to expedite litigation. See

4

Synergistic International, L.L.C., v. Jody Fine Korman, 2007 WL 517666 (E.D. Va. 2007) (unpublished). The same principle has been employed to extend the interpretation of the statute to include the costs of service by mail, subject to the same limitation. Mary M. v. North Lawrence Community School Corporation, 951 F.Supp 820, 830 (S.D. Indiana 1997), rev'd on other grounds, 131 F.3d 1220 (7th Cir. 1997). While I have found no decision which applies the liberal construction in a case against the government, all the reasoning, and benefits, would be the same. Defendant has cited no case directly supportive of his position.

In the case at bar, Plaintiff's attorney was ordered to arrange for service, and did so in a reasonable and economical manner. The costs incurred are specifically designated by the local rules of this court as taxable (See LR 54.1 and page 5 of Bill of Costs Handbook available from the clerk's office and the court's website). It would be unfair to expect Plaintiff or his counsel to absorb the costs of service. Accordingly, I recommend that the Court approve the Clerk's taxation of costs.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 28, 2009
_____

**CERTIFICATE OF SERVICE**

I hereby certify on September 28, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 28, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

5