UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA J. BORUFF, o/b/o
DILLON JAY BORUFF,

       Plaintiff,                    CIVIL ACTION NO. 08-14585

v.                               DISTRICT JUDGE NANCY G. EDMUNDS
                                 MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA) should be DENIED, because the position of the Commissioner was substantially justified.

REPORT:

    A.    Procedural History

Plaintiff is a minor male child who is now eleven years old. His mother, Brenda Boruff, filed an application for Social Security Supplemental Security Income (SSI) childhood disability benefits on his behalf on December 16, 2005, alleging incapacity due to attention deficit hyperactivity disorder (ADHD). Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested de novo hearing was held on December 13, 2007, before Administrative Law Judge Roy Rouhlac. Claimant and his mother appeared and testified. In a decision dated January 23, 2008, Judge Rouhlac determined that the claimant was not entitled to childhood SSI benefits because his mental deficiencies were not severe enough to meet or medically equal any of those found in the

Listing of Impairments. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits.

In an Opinion and Order, dated August 17, 2009, this court remanded the matter to the Commissioner for further administrative action. The order stated in pertinent part:

> In the present case, the factual issues have not been resolved and the record does not establish that Plaintiff is entitled to benefits. And although the ALJ did not provide substantial evidence to support his conclusions that Plaintiff has less than marked impairment in the 'acquiring and using information' domain, or that a GAF score of 50 is inconsistent with the record taken as a whole, there is not compelling evidence that Plaintiff is entitled to benefits. Therefore, for the above mentioned reasons, pursuant to sentence four of 42 U.S.C. §405(g), the ALJ's decision is REVERSED and REMANDED so that the Commissioner further considers whether there is substantial evidence in the record as a whole to support the finding that (1) Plaintiff has less than marked impairment in the 'acquiring and using information' domain, and that (2) a GAF score of 50 is inconsistent with the record as a whole.
>
> Order of Remand at p. 19 (Docket #18).

On November 16, 2009, Plaintiff filed an Application for Attorney Fees under the Equal Access to Justice Act (EAJA). The defendant filed his response to the petition on December 30, 2009. The fee application was referred to the undersigned magistrate judge, on January 6, 2010, for a report and recommendation. Plaintiff filed a timely reply to the Commissioner's brief on January 6, 2010.

    B.    <u>Analysis</u>

The EAJA provides that the Court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the position of the government was substantially justified. 28 U.S.C. §2412(d)(1)(A). The Act also provides that the attorney fees awarded shall not be at a rate

**2**

more than $125.00 per hour, unless the Court determines that an increase in the cost of living, or some other special factor, justifies a higher fee.  28 U.S.C. §2412(1)(D)(2)(A).

Plaintiff seeks attorney fees at the rate of $166.40 per hour plus reimbursement of the filing fee.  The attorney submitted a detailed breakdown of his work on behalf of Plaintiff showing that he and two other attorneys had worked a total of 43.25 hours preparing her disability case between September 17, 2008, and June 10, 2009. The Commissioner of Social Security maintains that his opposition to plaintiff's claim for judicial review of the denial of benefits was substantially justified, and that the request for attorney fees should be denied in its entirety.

In remanding Plaintiff's case to the Commissioner for further administrative proceedings, the Court explicitly held that the agency decision to deny benefits was not supported by substantial evidence. The Defendant correctly observes, however, that the Commissioner's position may be found to have been substantially justified even though substantial evidence did not support the decision. Jankovich v. Bowen, 868 F.2d 867, 869-70 (6th Cir. 1989). Whether the Commissioner's position was substantially justified within the meaning of the EAJA is basically a question of reasonableness. Pierce v. Underwood, 108 S.Ct. 2541, 2550 (1998). In this case, the Commissioner asserts that his position was substantially justified because it was reasonable for the ALJ to conclude that the claimant's ADHD did not meet Listing 112.11, and that the child's impairments did not functionally equal a listing.

I am persuaded that the Commissioner was substantially justified in deciding this case and defending it in litigation. Typically, how much evidence to gather is a judgment on which courts defer to the SSA. Kendrick v. Shalala, 998 F.2d 455, 458 (7th Cir.1993)

(how much evidence to gather is a subject on which we generally respect the Secretary's reasoned judgment).  In this case, the ALJ probed into all of the relevant facts.

A child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382(a)(3)(C)(I). Typically, a disabled child has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2009).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

1. Acquiring and using information;

2. Attending and completing tasks;

3. Interacting and relating with others;

4. Moving about and manipulating objects;

5. Caring for yourself; and

6. Heath and physical-being.

20 C.F.R. § 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[1] the impairment functionally equals the listing and the child will be found disabled.  20 C.F.R. 416.926a(d).

---

[1]A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

In the instant case, the ALJ determined that the child was indeed impaired as a result of attention deficit hyperactivity and learning and oppositional defiant disorders, but these conditions were not severe enough to meet or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairments did not "functionally equal" the Listing because the medical problems stemming from the disorders had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development capacities.

In it's Order of Remand, the Court held that "there was not compelling evidence that Plaintiff is entitled to benefits." Order at p. 19. The Court remanded the case, however, to permit the ALJ to assess a report from a second grade school teacher in determining Plaintiff's limitation in the domain of acquiring and using information. Order at pp. 14-16. The Court found that the ALJ did not necessarily err in finding less than marked impairments in the domain of acquiring and using information. Order at p. 16. The Court simply remanded the case to allow the ALJ to decide whether a total assessment of the evidence would alter his judgment, and for him to determine whether a GAF score of 50 (provided by a treating psychiatrist) was consistent with the record. Order at pp. 16-19.

The Law Judge reviewed considerable evidence, including statements from Plaintiff's mother, upon which to assess credibility and render a decision in this case. The ALJ here carefully considered the objective medical evidence, treatment sources and activities of daily living when evaluating the claimant's subjective allegations.

Defendant was not lacking substantial justification in deciding this case against Plaintiff on the record before the agency. The government's position respecting the child's disability claim, although rejected by this Court, had a "reasonable basis in law and fact,"

and it therefore was "substantially justified" within the meaning of the Equal Access to Justice Act. For all the above reasons, I recommend that Plaintiff's Attorney Fee Request Under the EAJA be denied.

NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: January 13, 2010

---

**CERTIFICATE OF SERVICE**
I hereby certify on January 13, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 13, 2010: **None.**
                    s/Michael E. Lang
                      Deputy Clerk to
                      Magistrate Judge Donald A. Scheer
                      (313) 234-5217